IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:26-CV-00245

| | |
|---|---|
| **ASHLEY BOLTON, as Guardian ad Litem for K.B. a minor,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, DEMETRUS McDANIEL, Individually and in her Official Capacity; SANDERS FAIRLY, Individually and in his Official Capacity; CITY OF CHARLOTTE; OFFICER NICOLE COLEMAN, Individually and in her Official Capacity; JANE/JOHN DOE(S) Individually and as Agents of named Parties, in their Official Capacities.**<br><br>**Defendants.** | **DEFENDANTS BOARD, McDANIEL, FAIRLY, and DOES' ANSWER TO PLAINTIFFS' COMPLAINT** |

The Defendants, Charlotte-Mecklenburg Board of Education ("Defendant Board" or "the Board"), Demetrus McDaniel ("Defendant McDaniel"), Sanders Fairly ("Defendant Fairly"), and Jane/John Doe(s) (collectively, "Defendants"), through undersigned counsel, hereby answer Plaintiffs' Complaint ("Complaint") as follows:

Except as expressly admitted herein, the allegations in the Complaint are denied. Without waiving any defenses or motions, Defendants respond to the specifically enumerated paragraphs of Plaintiffs' Complaint as follows:

## PARTIES, JURISDICTION AND VENUE

1. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 1, and therefore deny the same.

2. Defendants admit the allegations in Paragraph 2.

3. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 3, and therefore deny the same.

4. Defendants admit that Defendant McDaniel is a citizen and resident of the City of Charlotte, County of Mecklenburg, North Carolina, and that she has been over the age of 18 years at all times relevant to this action. Defendants admit that Defendant McDaniel is a principal. Defendants admit employees, teachers, administrators and staff members for Charlotte Mecklenburg Schools are employees of the Charlotte-Mecklenburg School Board. The remaining allegations in Paragraph 4 are denied.

5. Defendants admit that Defendant Fairly is a citizen and resident of the City of Charlotte, County of Mecklenburg, North Carolina, and that he has been over the age of 18 years at all times relevant to this action. Defendants admit that Defendant Fairly is an assistant principal. Defendants admit that employees, teachers, administrators and staff members for Charlotte Mecklenburg Schools are employees of the Charlotte-Mecklenburg School Board. The remaining allegations in Paragraph 5 are denied.

6. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 6, and therefore deny the same.

7. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 7, and therefore deny the same.

8. Denied.

9. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 9, and therefore deny the same.

10. Denied.

11. Paragraph 11 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 11.

12. Paragraph 12 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 12.

13. Denied.

14. Denied.

15. Defendants admit that Defendant Board participates in a local government risk pool pursuant to N.C.G.S. § 58-23-5. The remaining allegations of Paragraph 15 are denied.

16. Denied.

17. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 17, and therefore deny the same.

18. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 18, and therefore deny the same.

## **NATURE OF THE CASE**

19. Paragraph 19 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 19.

20. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 20, and therefore deny the same.

21. Defendants admit that at the time of the incident, on or about October 27, 2025, Defendant K.B. was a minor child in the 8th grade attending Renaissance West STEAM Academy. The remaining allegations of Paragraph 21 are denied.

22. Defendants admit that Defendant Sanders Fairly was and is employed as an Assistant Principal at Renaissance West STEAM Academy. The remaining allegations of Paragraph 22 are denied.

23. Defendants admit that Minor Child was involved in an incident that occurred on or about October 27, 2025 at Renaissance West STEAM Academy, located at 3241 New Renaissance Way, Charlotte, NC 28208 in Mecklenburg County. The remaining allegations in Paragraph 23 are denied.

24. Denied.

25. Denied.

26. Defendants admit that Plaintiff K.B. was a minor child on or about October 27, 2025. The remaining allegations of Paragraph 26 state a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 26.

## **FACTUAL BACKGROUND**

27. Defendants admit that on or about October 27, 2025, Ms. Sheraka Hamrick, a behavior modification technician, asked Minor Child to remove the headphones he was wearing. The remaining allegations of Paragraph 27 are denied.

28. Defendants admit that Ms. Hamrick contacted Defendant Fairly in relation to Minor Child's behavior. The remaining allegations of Paragraph 28 are denied.

29. Defendants admit that Defendant Fairly suspended Minor Child for three (3) days. The remaining allegations of Paragraph 29 are denied.

30. Defendants admit that an incident involving Minor Child and Defendant Fairly was captured by the school's surveillance video on or about October 27, 2025. The remaining allegations of Paragraph 30 are denied.

31. Defendants admit that an incident involving Defendant Fairly and Minor Child was captured by the school's surveillance video on or about October 27, 2025, and the video depicts another employee in close proximity to the incident. The remaining allegations of Paragraph 31 are denied.

32. Denied.

33. Defendants admit that Plaintiff Ashley Bolton was called after the incident and that she was asked to pick up Minor Child from school. The remaining allegations of Paragraph 33 are denied.

34. Defendants admit that Minor Child was with Defendant McDaniel when Plaintiff Ashley Bolton arrived at the school.

35. Defendants admit that Defendant McDaniel told Plaintiff Bolton that Minor Child had been restrained. Defendants admit that Defendant McDaniel told Plaintiff Bolton that Minor Child was asked to remove his headphones and Minor Child became verbally aggressive. The remaining allegations of Paragraph 35 are denied.

36. Defendants admit that Plaintiff Bolton asked Defendant McDaniel about a knot on Minor Child's forehead. The remaining allegations of Paragraph 36 are denied.

37. Defendants admit that Minor Child was suspended and that Defendant McDaniel provided Mother with documentation about the suspension. The remaining allegations of Paragraph 37 are denied.

38. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 38, and therefore deny the same.

39. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 39, and therefore deny the same.

40. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 40, and therefore deny the same.

41. Denied.

42. Denied.

43. Denied.

44. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 44, and therefore deny the same.

45. Defendants admit that after the incident, Plaintiff Bolton requested a safety plan to be put in place. The remaining allegations in Paragraph 45 are denied.

46. Defendants admit that a safety plan was created for Minor Child on or about November 5, 2025. The remaining allegations in Paragraph 45 are denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

## COUNT 1
## ASSAULT AND BATTERY
### (As to Defendant Sanders Fairly)

53. Defendants incorporate all prior responses by reference as if fully set forth herein.

54. Denied.

55. Defendants admit that school surveillance video captured an incident involving Defendant Fairly and Minor Child on or about October 27, 2025. The remaining allegations of Paragraph 55 are denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

## COUNT II
## NEGLIGENCE and GROSS NEGLIGENCE
### (As to CMS Defendants)

62. Defendants incorporate all prior responses by reference as if fully set forth herein.

63. Paragraph 63 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 63.

64. Paragraph 64 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 64.

65. Defendants admit that Defendant Board has restraint policy that is compliant with N.C.G.S. § 115C-391.1. The remaining allegations of Paragraph 65 are denied.

66. Denied.

67. Denied.

68. Paragraph 68 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 68.

69. Paragraph 69 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 69.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

**COUNT III**
**NEGLIGENCE and GROSS NEGLIGENCE**
**(As to CMPD Defendants)**

75. Defendants incorporate all prior responses by reference as if fully set forth herein.

76. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 76, and therefore deny the same.

77. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 77, and therefore deny the same.

78. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 78, and therefore deny the same.

79. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 79, and therefore deny the same.

80. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 80, and therefore deny the same.

81. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 81, and therefore deny the same.

82. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 82, and therefore deny the same.

83. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 83, and therefore deny the same.

84. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 84, and therefore deny the same.

85. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 85, and therefore deny the same.

86. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 86, and therefore deny the same.

87. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 87, and therefore deny the same.

88. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 88, and therefore deny the same.

89. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 89, and therefore deny the same.

90. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 90, and therefore deny the same.

91. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 91, and therefore deny the same.

92. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 92, and therefore deny the same.

93. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 93, and therefore deny the same.

94. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 94, and therefore deny the same.

95. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 95, and therefore deny the same.

<u>COUNT IV</u>
**NEGLIGENT HIRING, RETENTION, SUPERVISION and TRAINING**
**(As to CMS Defendants)**

96. Defendants incorporate all prior responses by reference as if fully set forth herein.

97. Paragraph 97 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 97.

98. Paragraph 98 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 98.

99. Denied.

100. Denied.

101. Denied.

102. Denied.

103. Paragraph 103 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 103.

104.	Denied.

105.	Paragraph 105 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 105.

106.	Denied.

107.	Denied.

108.	Denied.

109.	Denied.

<u>**COUNT V**</u>
**NEGLIGENT HIRING, RETENTION, SUPERVISION and TRAINING**
**(As to CMPD Defendants)**

110.	Defendants incorporate all prior responses by reference as if fully set forth herein.

111.	Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 111, and therefore deny the same.

112.	Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 112, and therefore deny the same.

113.	Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 113, and therefore deny the same.

114.	Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 114, and therefore deny the same.

115.	Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 115, and therefore deny the same.

116.	Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 116, and therefore deny the same.

117. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 117, and therefore deny the same.

118. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 118, and therefore deny the same.

119. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 119, and therefore deny the same.

120. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 120, and therefore deny the same.

121. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 121, and therefore deny the same.

## COUNT VI
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
#### (As to Defendants Fairley, McDaniel, and Jane/John Does)

122. Defendants incorporate all prior responses by reference as if fully set forth herein.

123. Denied.

124. Denied.

125. Denied.

126. Defendants admit that school surveillance video captured an incident involving Minor Child and Defendant Fairly on or about October 27, 2027. Defendants admit that a safety plan was created for Minor Child and that Minor Child transferred schools. The remaining allegations of Paragraph 126 are denied.

127. Denied.

128. Denied.

**COUNT VII**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**(As to all Defendants)**

129. Defendants incorporate all prior responses by reference as if fully set forth herein.

130. Paragraph 130 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 130.

131. Denied.

**COUNT VIII**
**CIVIL CONSPIRACY**
**(As to CMS Defendants and CMPD Defendant Coleman)**

132. Defendants incorporate all prior responses by reference as if fully set forth herein.

133. Denied.

134. Denied.

135. Denied.

136. Denied.

**COUNT IX**
**FAILURE TO PROTECT/DELIBERATE INDIFFERENCE TO STUDENT SAFETY**
**(As to CMS Defendants)**

137. Defendants incorporate all prior responses by reference as if fully set forth herein.

138. Denied.

139. Denied.

140. Denied.

141. Denied.

<u>**COUNT X**</u>
**OBSTRUCTION OF JUSTICE, FRAUD and COLLUSION**
**(As to CMS Defendant McDaniel and CMPD Defendant Coleman)**

142. Defendants incorporate all prior responses by reference as if fully set forth herein.

143. Denied.

144. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 144, and therefore deny the same.

145. Denied.

146. Defendants admit that the Code of Student Conduct prohibits the use of corporal punishment. Defendants further admit that Charlotte Mecklenburg Schools has a goal of maintaining a safe and orderly educational environment. The remaining allegations in Paragraph 146 are denied.

147. Defendants admit that the Code of Student Conduct prohibits the use of corporal punishment. Defendants admit that Defendant Board has restraint policy that is compliant with N.C.G.S. § 115C-391.1. The remaining allegations of Paragraph 147 are denied.

148. Defendants admit that Defendant Board has restraint policy that is compliant with N.C.G.S. § 115C-391.1. The remaining allegations of Paragraph 148 are denied.

149. Denied.

150. Denied.

151. Defendants admit that board policy and the Code of Student Conduct state that consequences for violating the Code of Student Conduct should be progressive in nature. Defendants admit that the Code of Conduct identifies multiple levels of violations and encourages principals and teachers to use a full range of discipline responses. The remaining allegations of Paragraph 151 are denied.

152. Denied.

153. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 153, and therefore deny the same.

154. Defendants admit that N.C.G.S. § 115C-105.58 requires school resource officers to comply with statutory training requirements and carry out duties that include school safety, emergency preparedness, and emergency response.

155. Admitted.

156. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 156, and therefore deny the same.

157. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 157, and therefore deny the same.

158. Paragraph 158 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 158.

159. Denied.

160. Denied.

161. Denied.

162. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 162, and therefore deny the same.

163. Paragraph 163 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 163.

164. Denied.

**<u>COUNT XI</u>**
**VICARIOUS LIABILITY / RESPONDEAT SUPERIOR**
**(As to CMS Defendants and CMPD Defendants)**

165. Defendants incorporate all prior responses by reference as if fully set forth herein.

166. Defendants admit that Defendant McDaniel was and is employed by the Charlotte Mecklenburg Board of Education as a Principal, and Defendant Fairly was and is employed as an Assistant Principal. Defendants lack sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 166, and therefore deny the same.

167. Denied.

168. Paragraph 168 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 168.

169. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 169, and therefore deny the same.

170. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 170, and therefore deny the same.

171. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 171, and therefore deny the same.

172. Denied.

173. Paragraph 173 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 173.

174. Denied.

175. Denied.

176. Denied.

**COUNT X**
**PUNITIVE DAMAGES / WILLFUL & WANTON CONDUCT**

177. Defendants incorporate all prior responses by reference as if fully set forth herein.

178. Denied.

179. Denied.

180. Denied.

181. Denied.

182. Denied.

183. Denied.

184. Denied.

**FEDERAL CLAIMS**
**Pursuant to 42 U.S.C. § 1983**

185. Defendants incorporate all prior responses by reference as if fully set forth herein.

186. Denied.

187. Denied.

188. Denied.

189. Denied.

**COUNT I**
**EXCESSIVE FORCE IN VIOLATION OF THE 14TH AMENDMENT**
**(As to Defendant Fairly)**

190. Defendants incorporate all prior responses by reference as if fully set forth herein.

191. Paragraph 191 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 191.

192. Paragraph 192 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 192.

193. Defendants admit that Defendant Board has restraint policy that is compliant with N.C.G.S. § 115C-391.1. N.C.G.S. § 115C-391.1 allows the use of physical restraint when reasonably necessary. The remaining allegations of Paragraph 193 are denied.

194. Denied.

195. Denied.

196. Denied.

197. Denied.

198. Defendants admit that an incident involving Minor Child and Defendant Fairly was captured by the school's surveillance video. The remaining allegations of Paragraph 198 are denied.

199. Denied.

200. Denied.

201. Denied.

202. Denied.

203. Paragraph 203 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 203.

204. Denied.

<u>**COUNT II**</u>
**SUBSTANTIVE DUE PROCESS: BODILY INJURY**
**(As to Defendant Fairly)**

205. Defendants incorporate all prior responses by reference as if fully set forth herein.

206. Paragraph 206 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 206.

207. Denied.

208. Paragraph 208 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 208.

209. Denied.

210. Denied.

211. Denied.

212. Denied.

213. Denied.

214. Denied.

215. Denied.

## COUNT III
## FAILURE TO INTERVENE
### (As to Jane Doe CMS Employee Witnessing the Assault)

216. Defendants incorporate all prior responses by reference as if fully set forth herein.

217. Defendants admit that another CMS employee observed the incident involving Minor Child and Defendant Fairly. The remaining allegations of Paragraph 217 are denied.

218. Denied.

219. Denied.

220. Denied.

221. Denied.

222. Denied.

223. Denied.

224. Denied.

## COUNT IV
## MUNICIPAL LIABILITY (Monell)
## (As to CMS Defendants)

225. Defendants incorporate all prior responses by reference as if fully set forth herein.

226. Denied.

227. Denied.

228. Denied.

229. Denied.

230. Denied.

## COUNT V
## DENIAL OF ACCESS TO COURTS
## (As to Defendant Officer Coleman)

231. Defendants incorporate all prior responses by reference as if fully set forth herein.

232. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 232, and therefore deny the same.

233. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 233, and therefore deny the same.

234. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 234, and therefore deny the same.

235. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 235, and therefore deny the same.

236. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 236, and therefore deny the same.

237. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 237, and therefore deny the same.

238. Denied.

239. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 239, and therefore deny the same.

240. Denied.

241. Paragraph 241 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 241.

242. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 242, and therefore deny the same.

243. Denied.

## COUNT VI
## EQUAL PROTECTION (SELECTIVE NON-ENFORCEMENT)
### (As to Defendant Officer Coleman)

244. Defendants incorporate all prior responses by reference as if fully set forth herein.

245. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 245, and therefore deny the same.

246. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 246, and therefore deny the same.

247. Denied.

## COUNT VII
## CONSPIRACY TO DEPRIVE CIVIL RIGHTS
### (As to Defendants McDaniel and Coleman)

248. Defendants incorporate all prior responses by reference as if fully set forth herein.

249. Denied.

250. Denied.

251. Denied.

252. Denied.

## COUNT VIII
## VIOLATION OF TITLE II of the AMERICANS WITH DISABILITIES ACT
**(As to CMS Defendants and Defendant Coleman in her Official Capacity)**

253. Defendants incorporate all prior responses by reference as if fully set forth herein.

254. Defendants admit that the Charlotte-Mecklenburg School Board is a public entity within the meaning of Title II of the Americans with Disabilities Act.

255. Paragraph 255 states legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 255.

256. Denied.

257. Denied.

258. Defendants admit that Defendant Coleman is an SRO assigned to CMS. The remaining allegations in Paragraph 258 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 258.

259. Denied.

260. Denied.

261. Denied.

262. Denied.

## COUNT IX
## VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 19873
**(As to All Defendants)**

263. Defendants incorporate all prior responses by reference as if fully set forth herein.

264. Defendants admit that the Charlotte-Mecklenburg School board receives federal financial assistance. The remaining allegations in Paragraph 264 state legal conclusions to which no

response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 264.

265. The allegations in Paragraph 265 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 265.

266. Defendants admit that Minor Child participated in CMS's educational programs and activities. The remaining allegations of Paragraph 266 are denied.

267. Denied.

268. Denied.

269. Denied.

270. Denied.

271. Denied.

272. The allegations in Paragraph 272 state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 272.

273. Defendants admit that Defendant Officer Coleman was assigned to Renaissance West STEAM Academy as a School Resource Officer. The remaining allegations in Paragraph 273 are denied.

274. Defendants lack sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 274, and therefore deny the same.

275. Denied.

276. Denied.

**COUNT X**
**RETALIATION IN VIOLATION OF SECTION 504 and the ADA**
**(As to CMS Defendants)**

277. Defendants incorporate all prior responses by reference as if fully set forth herein.

278. Denied.

279. Denied.

280. Denied.

281. Denied.

282. Denied.

283. Denied.

## **PRAYER FOR RELIEF**

The remainder of the Complaint constitutes a request for relief. Defendants deny that Plaintiffs are entitled to the relief sought or to any relief.

## **FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint should be dismissed, in whole or in part, to the extent it fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## **SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' Complaint should be dismissed with prejudice against Plaintiff Ashley Bolton pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of standing.

## **THIRD AFFIRMATIVE DEFENSE**

Defendants plead all immunities to which they are entitled under the law, including but not limited to, governmental immunity, sovereign immunity, qualified immunity, public official immunity, and any statutory immunity.

At all times relevant to this action, Defendants McDaniel and Fairly were acting in their

official capacity as a Principal and Assistant Principal in the course and scope of their employment with Defendant Board. Defendants McDaniel and Fairly are entitled to the defense of governmental immunity, which is hereby pleaded in bar of Plaintiffs' claims.

At all times relevant to this action, the conduct of Defendants McDaniel and Fairly was objectively reasonable and did not violate any clearly established constitutional rights of Plaintiffs of which a reasonable person would have known. Therefore, Defendants are entitled to the defense of qualified immunity, which is hereby pleaded in bar of Plaintiffs' claims.

At all times relevant to this action, Defendants McDaniel and Fairly were engaged in performing duties as employees of Defendant Board. As such, Defendants cannot be held liable for any alleged negligence in this case pursuant to the public official doctrine.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for damages are barred, reduced, and/or limited pursuant to applicable statutory provisions and common law doctrines regarding limitations on awards, caps on damages, laches, and setoffs.

### FIFTH AFFIRMATIVE DEFENSE

Defendants' conduct and the conduct of its agents and employees was not malicious, willful, wonton, or done with the intent to cause harm to Plaintiffs.

### SIXTH AFFIRMATIVE DEFENSE

At all times relevant to this action, Defendants have acted in good faith in full compliance with all applicable laws.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant Board cannot be liable in an action filed under 42 U.S.C. §1983 solely upon the doctrine of *respondeat superior*. *See Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694 (1978).

## EIGHTH AFFIRMATIVE DEFENSE

Any psychological problems or mental/emotional distress Plaintiffs claim to suffer are the result of other causes unrelated to Defendants, and its employees or agents.

## NINTH AFFIRMATIVE DEFENSE

Defendants' policies and training practices for its employees were adequate in each alleged deficient by Plaintiffs and were not facially unconstitutional.

## TENTH AFFIRMATIVE DEFENSE

No alleged municipal policies, practices, or customs demonstrate a deliberate indifference to individual constitutional rights.

## ELEVENTH AFFIRMATIVE DEFENSE

No municipal policies, practices, or customs caused Plaintiffs' alleged injuries.

## TWELFTH AFFIRMATIVE DEFENSE

Defendants' conduct and the conduct of its agents and employees did not violate any clearly established constitutional rights of Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery is barred by their own negligence.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' own actions caused or contributed to any injuries and damages they suffered; therefore, Plaintiffs are not entitled to recovery from Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' recovery is barred to the extent their damages were caused by the conduct or negligence of others, whose acts were an intervening, superseding cause of Plaintiffs' injuries or damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to recovery of compensatory damages against Defendants to the extent they failed to mitigate their damages.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to recover punitive damages against Defendant Board because it is a North Carolina local government. Punitive damages against local governments are permitted only when there is a statute that expressly permits punitive damages to be sought against municipalities.

**NINETEENTH AFFIRMATIVE DEFENSE**

Any Defendant reserves the right to amend the Answer and assert any additional affirmative defense as it may become available or apparent throughout this litigation.

**WHEREFORE**, the Defendants pray:

1. That the Court dismiss this action in its entirety with prejudice;

2. That the Court declare Defendants the prevailing party, and Plaintiffs have and recover nothing from Defendants;

3. That the Court award Defendants costs, attorneys' fees, and all other fees incurred in the defense of this action as provided by applicable law;

4. The case be tried before a jury; and

5. For such other relief as the Court deems just and proper.

This the 22nd day of April, 2026.

/s/ Heather Bankert
Heather Bankert (N.C. Bar No. 40060)
**Charlotte-Mecklenburg Board of Education**
600 E. Fourth St., 5th Floor
Charlotte, NC 28202
Phone: (980) 343-6228
Fax: (704) 705-2473
heathers.bankert@cms.k12.nc.us
*Attorney for Defendants Board, McDaniel, Fairly, and Doe*

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on this date I electronically filed the foregoing **DEFENDANTS BOARD, McDANIEL, FAIRLY, and DOES' ANSWER TO PLAINTIFFS' COMPLAINT** with the Clerk of the Court using the CM/ECF systems, which will automatically serve the following CM/ECF participants:

Mary Frances Parker, Esq.
The Parker Firm, PLLC
321 Anthony Circle
Charlotte, NC 28211
maryfrances@theparkerfirmlaw.com
*Attorney for Plaintiffs*

Faith R. Fox, Esq.
The Law Office of Faith Fox, PLLC
P.O. Box 30161
Charlotte, NC 28230
F.Fox@faithfoxlaw.com
*Attorney for Plaintiffs*

Lori Keeton
The Law Offices of Lori Keeton
6000 Fairview Road, Suite 1200
Charlote, NC 28210
lkeeton@lorikeetonlaw.com
*Attorney for Defendants City of Charlotte and Officer Nicole Coleman*

This the 22nd day of April 2026.

/s/ Heather Bankert
Heather Bankert (N.C. Bar No. 40060)
**Charlotte-Mecklenburg Board of Education**
600 E. Fourth Street, Fifth Floor
Charlotte, NC 28202
Phone: 980-343-6228
Fax: (704) 705-2473
heathers.bankert@cms.k12.nc.us
*Attorney for Defendants Board, McDaniel, Fairly, and Doe*