IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
NO. 3:26-CV-00245

| | | |
|---|---|---|
| **ASHLEY BOLTON, Individually and as Guardian ad Litem for K.B. a minor,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, DEMETRUS McDANIEL, Individually and in her Official Capacity; SANDERS FAIRLY, Individually and in his Official Capacity; CITY OF CHARLOTTE; OFFICER TALAYNA COLEMAN, Individually and in her Official Capacity; JANE/JOHN DOE(S) Individually and as Agents of named Parties, in their Official Capacities.**<br><br>**Defendants.** | | **DEFENDANTS' AMENDED MOTION FOR PROTECTIVE ORDER** |

Defendants Charlotte-Mecklenburg Board of Education ("Defendant Board"), Demetrus McDaniel, Sanders Fairley, and Jane/John Doe (collectively, "Defendants"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 26(c) respectfully ask this Court to enter a Protective Order making confidential personnel files and a video that captures the Incident that is the subject of Plaintiffs' Complaint. Defendants hereby amend their original Motion for Protective Order submitted on June 19, 2026 to include a request to protect and make confidential personnel files of employees of local boards of education. In support therefore, Defendants state as follows:

1. Plaintiffs filed the Complaint against Defendants on or about February 19, 2026.

2. The complaint involves allegations that Defendant Fairley, an employee of Defendant Board, purposefully injured a student, Plaintiff K.B..

3. On April 3, 2026, Plaintiffs served Defendant Board with Plaintiff's First Set of Interrogatories and Requests for Production of Documents, including a Request for "all surveillance video, security camera footage, and audiovisual recordings depicting or capturing, in whole or in part, the Incident..."

4. The Parties conducted the Rule 26(f) Attorneys' Conference on May 11, 2026.

5. On June 5, 2026, Plaintiffs served Defendants McDaniel and Fairley with Interrogatories and Requests for Production of Documents.

6. From both Defendant McDaniel and Defendant Fairley, Plaintiffs requested:

   a. "A complete copy of your personnel file, from the date of employment with CMS, through the date of your response;" and

   b. "A copy of all surveillance and video recordings or photographs, capturing the incident or any matter leading to the incident."

7. On June 19, Defendants filed a Motion for a Protective Order concerning the video footage. Plaintiffs requested an extension of the time to respond to said Motion and have not yet submitted a response.

8. N.C. Gen. Stat. §115C-319 makes confidential the personnel files of employees of local boards of education and defines personnel file as "any information gathered by the local board of education which employs an individual, previously employed an individual, or considered an individual's application for employment, and which information relates to the individual's application, selection or nonselection, promotion, demotion, transfer, leave, salary, suspension,

performance evaluation, disciplinary action, or termination of employment wherever located or in whatever form."

9. The video requested by Plaintiffs is part of Defendant Fairley's personnel file and is confidential pursuant to N.C.G.S. §115C-319 because it was gathered by the local board of education and relates to Mr. Fairley's application, selection or nonselection, promotion, demotion, transfer, leave, salary, suspension, performance evaluation, disciplinary action, or termination of employment.

10. Pursuant to Rule 26(c)(1), a party from whom discovery is sought may move for a protective order, for good cause, to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, limiting the scope of disclosure or discovery to certain matters.

11. The dissemination of the Defendants' personnel files or the video containing personnel information to third parties would foreseeably cause concrete and identifiable harms.

12. Defendants seek a protective order limiting disclosure of personnel files and the video footage to counsel and designated representatives only, with appropriate restrictions on use and dissemination.

13. Good cause exists for a protective order under Rule 26(c) based on the substantial privacy interests at stake.

14. Pursuant to Rule 26(c) and local court rules, Defendants certify that they have conferred, or attempted to confer, in good faith with opposing counsel to resolve this discovery dispute without court action, but the parties were unable to reach an agreement. Defendants offered to produce the video pursuant to a protective order, but Plaintiffs refused to consider the video confidential or part of a personnel file and therefore refused to consent to a protective order or to

refrain from sharing the video with third parties. Defendants also requested Plaintiffs consent to a protective order covering personnel files, but Plaintiffs refused.

The Defendants are contemporaneously filing a brief in support of the motion set out above.

WHEREFORE, Defendants respectfully request that this Court enter a protective order:

1) Finding that personnel files of employees of local boards of education are confidential pursuant to N.C. Gen. Stat. § 115C-319;

2) The video footage that captures the Incident that is the subject of Plaintiffs' Complaint is confidential and part of Defendant Fairley's personnel file;

3) Restricting third-party disclosure of personnel files and the video while preserving full access to counsel of record for the parties and designated representatives for litigation purposes.

Respectfully submitted, this the 9th day of July, 2026.

/s/ Heather Bankert
Heather Bankert (N.C. Bar No. 40060)
Oksana Cody (N.C. Bar No. 45393)
**Charlotte-Mecklenburg Board of Education**
600 E. Fourth Street, Fifth Floor
Charlotte, NC 28202
Phone: 980-343-6228
Fax: 980-343-5739
heathers.bankert@cms.k12.nc.us
oksanak.cody@cms.k12.nc.us
*Attorneys for Defendants Board, McDaniel, Fairly, and Doe*

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that on this date undersigned counsel served the foregoing **DEFENDANTS' AMENDED MOTION FOR PROTECTIVE ORDER** using the Court's CM/ECF system which will send notification of such filing to any CM/ECF participants. Additionally, the foregoing has been served upon the following counsel of record via electronic mail addressed as follows:

Mary Frances Parker, Esq.
The Parker Firm, PLLC
321 Anthony Circle
Charlotte, NC 28211
maryfrances@theparkerfirmlaw.com
*Counsel for Plaintiffs*

Faith R. Fox, Esq.
The Law Office of Faith Fox, PLLC
P.O. Box 30161
Charlotte, NC 28230
F.Fox@faithfoxlaw.com
*Counsel for Plaintiffs*

Lori Keeton
The Law Offices of Lori Keeton
6000 Fairview Road, Suite 1200
Charlotte, NC 28210
lkeeton@lorikeetonlaw.com
*Counsel for Defendants City of Charlotte and Officer Coleman*

This the 9th day of July, 2026.

/s/ Heather Bankert_____
Heather Bankert (N.C. Bar No. 40060)
Oksana Cody (N.C. Bar No. 45393)
**Charlotte-Mecklenburg Board of Education**
600 E. Fourth Street, Fifth Floor
Charlotte, NC 28202
Phone: 980-343-6228
Fax: 980-343-5739
heathers.bankert@cms.k12.nc.us
oksanak.cody@cms.k12.nc.us
***Attorneys for Defendants Board, McDaniel, Fairly, and Doe***