IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF NORTH CAROLINA CHARLOTTE DIVISION

Civil Action No. 3:26-CV-00245-MEO-DCK

ASHLEY BOLTON, individually
and as Guardian ad Litem of K.B.,
a minor,

          Plaintiffs,

v.

CHARLOTTE-MECKLENBURG
BOARD OF EDUCATION;
DEMETRUS McDANIEL, individually
and in her official capacity as Principal
of Renaissance West STEAM Academy;
SANDERS FAIRLEY, individually and
in his official capacity as Vice Principal
of Renaissance West STEAM Academy;
CITY OF CHARLOTTE; OFFICER
TALAYNA COLEMAN, individually and in
her official capacity; and
JANE/JOHN DOE(S),

          Defendants.

PLAINTIFF'S RESPONSE BRIEF
IN OPPOSITION TO CMS
DEFENDANT'S AMENDED
MOTION FOR PROTECTIVE
ORDER

_____

Come now Plaintiffs Ashley Bolton, individually and as Guardian ad Litem of K.B., a minor, respectfully submit this Response in Opposition to the Amended Motion for Protective Order filed by the Charlotte-Mecklenburg Board of Education, Demetrus McDaniel, Sanders Fairley, and Jane/John Doe(s) (collectively, the "CMS Defendants"). For the reasons that follow, CMS Defendants Amended Motion should be denied.

## I. INTRODUCTION

The CMS Defendants amended their original Motion for Protective Order to request this Court to enter a Protective Order to include ANY information contained in personnel files of any CMS Defendant.

1

## II. LAW AND APPLICATION

Plaintiffs rely on the case law set forth and articulated in their first Brief in Opposition of CMS Defendants Motion for Protective Order. As stated in Plaintiff's previous Brief, the moving party has the burden of showing that "good cause" exists and must make a specific demonstration of facts to support their request for a protective order. *Brittain v. Stroh Brewery Co.*, 136 F.R.D. 408, 412 (M.D.N.C. 1991); See also, *Ikon Office Solutions, Inc. v. Konica Minolta Business Solutions U.S.A., Inc.*, No. 3:08-cv-539, 2009 WL 5195735 (W.D.N.C. Nov. 25, 2009). CMS Defendants have articulated no facts in support of their need for a sweeping protective order. CMS Defendants ask the Court to grant a protective order over ALL material contained in the personnel files without providing Plaintiff's or the Court an opportunity to determine whether these materials are in fact in need of protection.

To be clear, the Plaintiffs do not dispute that the personnel files of CMS Defendants *may* contain confidential information (for example, health records, personal statistical data, wage garnishments.) Upon CMS Defendant's request for a sweeping protective order, Plaintiffs emailed the CMS Defendants requesting a detailed list of the items contained in each personnel file. CMS Defendants refused this request. Defendants' refusal ultimately forced the Plaintiffs' refusal to enter a consent protective order. Plaintiffs, nor any party, should consent to a sweeping protective order without first determining whether discovery responses need protection. Plaintiffs cannot make this determination without a detailed list of items from CMS Defendants. Requiring otherwise, would shift the "good cause" burden to the Plaintiff. Relying on case law cited in her original Brief, and because Plaintiff has made a good faith attempt to resolve this issue, the Court should decline to enter the protective order the CMS Defendants request. That order would substitute Defendants' preferred narrative for the particularized showing Rule 26(c) demands.

## V. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court DENY the CMS Defendants Amended Motion for Protective Order. In the alternative, if any relief is warranted, Plaintiffs request that the Court enter a narrowly tailored order limited to the Requiring Defendants to produce a detailed list of the contents of each personnel file in question, allow Plaintiff the opportunity to determine whether the contents, in fact, are or should be confidential and the Court to review and rule on the contents to which the parties cannot agree.

Respectfully submitted this 22th day of July, 2026.

/s/ Mary Frances Parker
Mary Frances Parker
NC Bar No. 55859
THE PARKER FIRM, PLLC
321 Anthony Circle
Charlotte, NC 28211
Tel: 615-485-1584
maryfrances@theparkerfirmlaw.com

/s/ Faith R. Fox
Faith R. Fox
NC Bar No. 49729
THE LAW OFFICE OF FAITH FOX, PLLC
P.O. Box 30161
Charlotte, NC 28230
Tel: 704-762-1588
Fax: 704-980-7554
F.Fox@faithfoxlaw.com
Counsel for Plaintiffs

CERTIFICATE OF SERVICE

3

I hereby certify that on this 22nd day of July, 2026, I electronically filed the foregoing PLAINTIFFS' RESPONSE IN OPPOSITION TO THE CMS DEFENDANTS' MOTION FOR PROTECTIVE ORDER with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including:

Heather Bankert
Oksana Cody
Charlotte-Mecklenburg Board of Education
600 E. Fourth Street, Fifth Floor
Charlotte, NC 28202
heathers.bankert@cms.k12.nc.us
oksanak.cody@cms.k12.nc.us
Counsel for Defendants Board, McDaniel, Fairley, and Doe

Lori Keeton
The Law Offices of Lori Keeton
6000 Fairview Road, Suite 1200
Charlotte, NC 28210
lkeeton@lorikeetonlaw.com
Counsel for Defendants City of Charlotte and Officer Coleman

/s/ Mary Frances Parker
Mary Frances Parker

CERTIFICATION OF COMPLIANCE WITH STANDING ORDER IN RE: USE OF ARTIFICIAL INTELLIGENCE

I hereby certify that the foregoing BRIEF IN SUPPORT OF CMS DEFENDANTS' AMENDED MOTION FOR PROTECTIVE ORDER is in compliance with the requirements set forth in this Court's Standing Order In Re: Use of Artificial Intelligence (3:24-mc-104). No

4

artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg. Every statement and every citation to an authority contained in this document has been verified by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

    \_\_E/S Mary Frances Parker\_\_\_\_
    Mary Frances Parker