UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:26-CV-00245-MEO-DCK

ASHLEY BOLTON, *individually and as guardian ad litem of K.B., a minor*,

Plaintiffs,

v.

CHARLOTTE-MECKLENBURG BOARD OF EDUCATION, DEMETRUS MCDANIEL, TALAYNA COLEMAN, SANDERS FAIRLY, JANE/JOHN DOE(S), AND CITY OF CHARLOTTE,

Defendants.

MEMORANDUM & ORDER

**THIS MATTER** is before the Court on Defendants' Charlotte-Mecklenburg Board of Education, Demetrus McDaniel, Sanders Fairly, and Jane/John Doe's Motion for Protective Order and Amended Motion for a Protective Order (Doc. Nos. 20, 23) and Plaintiffs' Ashley Bolton, individually and as *Guardian ad Litem* of minor child K.B.'s Motion for *In-Camera* Review. (Doc. No. 22). For the reasons set forth below, the Court will grant Defendants' amended motion, deny as moot Defendants' earlier motion, and deny Plaintiffs' motion.

## I. BACKGROUND

Plaintiffs filed this action on February 19, 2026, alleging that Assistant Principal Sanders Fairley, an employee of the Charlotte-Mecklenburg Board of Education, purposefully injured minor Plaintiff K.B. in an incident alleged to have

occurred on or about October 28, 2025. Defendants removed the action to this Court on March 26, 2026; Plaintiffs filed their Amended Complaint on May 19, 2026. On April 3, 2026, Plaintiffs served the Board with discovery requests seeking "all surveillance video, security camera footage, and audiovisual recordings" depicting the incident. (Doc. No. 23 at 2). Following the parties' Rule 26(f) conference on May 11, 2026, Plaintiffs served Defendants McDaniel and Fairley with discovery requests on June 5, 2026, seeking a complete copy of each Defendant's personnel file and copies of any surveillance or video recordings capturing the incident or matters leading to it. On June 19, 2026, Defendants moved under Rule 26(c) for a protective order; Defendants filed an Amended Motion for Protective Order on July 9, 2026. (Doc. Nos. 20, 23). Plaintiffs filed a Motion for *In-Camera* Review on July 7, 2026, asking this Court to review the surveillance video before ruling on Defendants' motion. (Doc. No. 22).

## II. LEGAL STANDARD

Parties are generally entitled to discovery regarding any non-privileged matter relevant to any claim or defense. Fed. R. Civ. P. 26(b)(1). That said, discovery, "like all matters of procedure, has ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Accordingly, a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery . . . or limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c)(1)(a), (d). "The party seeking a protective order bears the burden of establishing good cause for

the entry of such an order." *Hosie v. Omni Hotels Mgmt. Corp.*, No. 1:22-CV-00265-MR-WCM, 2024 WL 1685557, at *2 (W.D.N.C. Apr. 18, 2024) (citing *Ben-Levi v. Harris*, No. 5:15-3125, 2016 WL 8997396, at *3 (E.D.N.C. Aug. 16, 2016)). In deciding a motion for protective order, the district court has "substantial discretion in managing discovery." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 929 (4th Cir. 1995).

## III. DISCUSSION

Defendants move for a protective order to designate as confidential personnel files of employees of local boards of education and the surveillance video of the incident, contending that personnel files are confidential under N.C. Gen. Stat. § 115C-319 and that the surveillance video is part of Mr. Fairley's personnel file. Defendants seek to limit dissemination to litigation use while allowing access for counsel, parties, and necessary participants. Plaintiffs oppose the motion, arguing the requested order is sweeping and overbroad, raising concerns about public access. Plaintiffs argue that Defendants have not made the required particularized good-cause showing and request an itemized identification of the contents of personnel files to assess confidentiality. Plaintiffs also contend that the surveillance video is not a personnel record. Plaintiffs further move for *in-camera* review of the surveillance video prior to any ruling on confidentiality restrictions, asserting the footage is core evidence and that review would assist the Court in tailoring any relief.

"Personnel files are, by their very nature, highly confidential and a strong public interest weighs in favor of protecting the privacy rights of non-party

employees." *Revak v. Miller*, No. 7:18-CV-206-FL, 2020 WL 1164920, at *4 (E.D.N.C. Mar. 9, 2020). North Carolina law instructs that certain information contained in employee personnel files be kept confidential. N.C. Gen. Stat. §§ 115C-319, 115C-321. Section 115C-319 defines a personnel file as "any information gathered by the local board of education which employs an individual, . . . and which information relates to the individual's application, selection or nonselection, promotion, demotion, transfer, leave, salary, suspension, performance evaluation, disciplinary action, or termination of employment wherever located or in whatever form." N.C. Gen. Stat. § 115C-319. Such information may be disclosed pursuant to court order. *See* N.C. Gen. Stat. § 115C-321(a)(4).

The Court is not persuaded that *in-camera* review of the surveillance video is necessary, nor do Defendants need to provide an itemized list of all items within a personnel file. Based on Defendants' assertions and the plain language of the statute, the Court finds that the surveillance video falls within the definition of a personnel file because it constitutes information relating to "the individual's application, selection or nonselection, promotion, demotion, transfer, leave, salary, suspension, performance evaluation, disciplinary action, or termination of employment wherever located or in whatever form." N.C. Gen. Stat. § 115C-319. To the extent Plaintiffs requests an itemized list of all information in the relevant personnel files, that request is denied because the statute covers "all information . . . wherever located or in whatever form" in such files. *Id.*

Turning to whether Defendants have shown good cause, the Court finds that they have met their burden. Though North Carolina confidentiality laws do not govern this Court's discovery rulings, it is apparent to the Court that North Carolina public policy favors treating personnel files as confidential in discovery, even while permitting their use for litigation. For that reason, the Court finds that the state policy determination that certain information be deemed confidential, including the surveillance video, satisfies the good cause requirement.

Further, Defendants concede the video is discoverable and do not refuse production of the personnel files. Rather, Defendants seek a protective order prohibiting the disclosure of such information to third parties. In that way, Defendants' proposed protective order satisfies North Carolina's policy concerns regarding the confidentiality of personnel files while simultaneously ensuring that relevant discovery proceed without undue delay. Indeed, the proposed protective order permits the full exchange and use of personnel records between the parties, their counsel, the employees of such counsel necessary to assist in the litigation, consultants or experts to the extent deemed necessary by counsel, and any person from whom testimony is or is to be taken. Thus, the Court finds good cause exists because the requested order is narrowly tailored to prevent unnecessary third-party dissemination of sensitive personal, financial, and performance information without unduly burdening the litigation process. Notably, at this stage, there is no First Amendment or common law presumption of public access. *See, e.g., Seattle Times Co. v. Rhinehart,* 467 U.S. 20 (1984) ("[W]here, as in this case, a protective order is

entered on a showing of good cause as required by Rule 26(c), is limited to the context of pretrial civil discovery, and does not restrict the dissemination of the information if gained from other sources, it does not offend the First Amendment.").

Accordingly, restricting third-party disclosure of all personnel files at this stage of litigation strikes an appropriate balance between the broad scope of federal discovery and the significant privacy interests at issue. The Court will enter the proposed protective order as modified. The modifications reflect that this Order governs pretrial discovery only; any party seeking to file materials designated as confidential on the docket or for use at trial or a hearing must comply with the applicable Local Rules and establish the heightened standard required for sealing judicial records.[1]

## IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendants' Amended Motion for Protective Order (Doc. No. 23) is **GRANTED**;
2. Defendants' Motion for Protective Order (Doc. No. 20) is **DENIED AS MOOT**; and

---

[1] The Court does not opine on how it would rule on such a motion. Nothing in this Order restricts Plaintiffs' ability to oppose a motion to seal or otherwise challenge the use of such materials in any way other than during pretrial discovery. Should either party seek to make such information part of the public record, the Court shall then, upon a motion by a party, determine whether the proffered evidence should continue to be treated as confidential and, if so, what protection, if any, should be afforded to such evidence at that time.

3. Plaintiffs' Motion for In-Camera Review (Doc. No. 22) is **DENIED**.

**IT IS FURTHER ORDERED** that:

1. The personnel files of employees of local boards of education are confidential pursuant to N.C. Gen. Stat. §115C-319 for purposes of discovery.
2. The surveillance video that captures the incident that is the subject of the Plaintiffs' Complaint is part of Defendant Fairly's personnel file.
3. The surveillance video that captures the incident that is the subject of the Plaintiffs' Complaint is confidential for purposes of discovery.
4. The video and personnel file(s) shall not be disclosed to any person, except:
   a. The requesting party and counsel;
   b. Employees of such counsel assigned to and necessary to assist in the litigation;
   c. Consultants or experts to the extent deemed necessary by counsel;
   d. Any person from whom testimony is taken or is to be taken, except that such a person may only be shown confidential information during and in preparation for his/her testimony and may not retain the confidential information; and
   e. As otherwise ordered by this Court.
5. Nothing in this Order shall bind or restrict the Court, its officers, or its judicial staff in the administration of court proceedings, the conduct of hearings or trials, or the issuance of orders and opinions.

6. Prior to disclosing or displaying the confidential information to any person, counsel shall:
    a. Inform the person of the confidential nature of the information or documents; and
    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of that information or documents to any other person.
7. The confidential information may be displayed to and discussed with the persons identified in Paragraph 4(c) and (d) only on the condition that prior to any such display or discussion, each such person shall be asked to sign an agreement to be bound by this Order in the form found at (Doc. No. 23-2 at 4). In the event such person refuses to sign that form, the party desiring to disclose the confidential information may seek appropriate relief from this Court.
8. It is understood by the parties that any documents which become part of an official judicial proceeding or which are filed with the Court are public documents, and that such documents can and will be sealed by the Court only upon motion and in accordance with applicable law. This Protective Order does not provide for the automatic sealing of such documents.
9. At the conclusion of litigation, the confidential information and any copies thereof shall be promptly (and in no event later than thirty (30) days after

entry of a final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed.

10. The foregoing is entirely without prejudice to the right of any party to apply to the Court for any further Protective Order relating to confidential information; or to object to the production of documents or information; or to apply to the Court for an order compelling production of documents or information; or for modification of this Order.

**SO ORDERED.**

Signed: October 19, 2026

Matthew E. Orso
United States District Judge